FILED

**NOT FOR PUBLICATION**

MAR 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHDEV SINGH, | No. 09-73398 |
| Petitioner, | Agency No. A076-842-225 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Sukhdev Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it was filed more than four years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present material evidence of changed circumstances in India to qualify for a regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence was immaterial in light of prior adverse credibility determination). We reject both Singh's contention that the BIA failed to address the supplemental evidence he filed in support of his motion, *see Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009), and his contention that the BIA erred in its assessment of his wife's affidavits. Finally, the record does not support Singh's contention that the BIA did not address his CAT claim in denying his motion to reopen.

**PETITION FOR REVIEW DENIED.**